IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NELDA HARDIE,** ) | **CASE NO.  5:09 CV 1627** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY**) | **Magistrate Judge Limbert** |
| ) | |
| **Defendant.** ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge George J. Limbert (Docket # 22), recommending that the Commissioner's final determination denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income be affirmed.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> On September 29, 2005, Plaintiff filed applications for DIB and SSI alleging disability beginning September 25, 2005 due to heart valve problems, a brain aneurysm and venous angioma. Tr. at 76-80, 83, 380-382. The SSA denied Plaintiff's claims initially and on reconsideration. *Id*. at 58-66, 383-390. Plaintiff filed a request for hearing before an ALJ and on October 24, 2008, an ALJ conducted a hearing where he received some testimony from Plaintiff, and testimony from Hershel Goren, M.D., a medical expert ("ME"). Tr. at 55, 450-473. Plaintiff was represented by counsel. *Id*. The ALJ thereafter scheduled

another hearing due to Plaintiff having laryngitis and the additional hearing was held on December 5, 2008, with Plaintiff, her counsel, and Bruce Holderead, a vocational expert ("VE"), present at the hearing. *Id*. at 414. Plaintiff and the VE testified.

On December 30, 2008, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. Tr. at 15-22. Plaintiff requested review of the ALJ's decision by the Appeals Council, but on June 20, 2009, the Appeals Council denied her request for review. *Id*. at 6. On July 15, 2009, Plaintiff filed the instant suit. ECF Dkt. #1. On May 14, 2010, Plaintiff filed a brief on the merits.  ECF Dkt. #17. On August 11, 2010, Defendant filed a brief on the merits. ECF Dkt. # 21.

\* \* \*

The ALJ found that Plaintiff suffered from the severe impairments of sleep apnea, status post breast cancer, and obesity. Tr. at 17. The ALJ found that Plaintiff did not have a medically determinable brain aneurysm or headache impairment and found that Plaintiff's mitral valve prolapse and hearing loss were not severe impairments. *Id.* The ALJ went on to find that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *Id.* at 18.

The ALJ gave less than controlling weight to the opinion of Dr. Perry, Plaintiff's treating physician, who had opined that due to a history of a brain aneurysm, Plaintiff could: lift and carry no weight frequently and less than ten pounds occasionally, sit, stand/walk for less than two hours per workday and she had to alternate sitting, standing or walking every five minutes to relieve discomfort. *Id*. Dr. Perry opined that Plaintiff had to walk around every five to ten minutes for four to ten minutes each time. *Id*. at 359. He concluded that Plaintiff needed to shift at will from sitting to standing/walking and could never twist, stoop, crouch or climb ladders, and only occasionally climb stairs. *Id.* He also found that Plaintiff's abilities to reach, push and pull were limited in that she could perform none of those functions. *Id*. at 359-360. Dr. Perry further indicated that Plaintiff had to avoid concentrated exposure to temperature extremes, high humidity, fumes, odors, dusts and gases, perfumes, solvents and cleaners. *Id.* at 360. He also found that Plaintiff would be absent from work about once a month due to her impairments and treatment. *Id*.

The ALJ found that Dr. Perry's conclusions were not supported by the evidence of record and the record did not document a medically determinable brain aneurysm, which Dr. Perry specifically listed as the basis for his opinion. Tr. at 20. The ALJ relied upon the testimony of Dr. Goren, the medical expert, who had reviewed the medical evidence and testified that Plaintiff did not have a

brain aneurysm. *Id*.

The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently and sit, stand/walk for six hours in an eight-hour workday. Tr. at 18. The ALJ further determined that Plaintiff could occasionally climb ramps and stairs, but could not climb ladders, ropes, or scaffolds or be around hazards such as moving machinery or heights. *Id*. Based on the above RFC, the ALJ determined
that Plaintiff was able to perform her past relevant work as a manager and material coordinator and therefore was not disabled. Tr. at 21.

**Report and Recommendation.**

On October 29, 2010, the Magistrate Judge issued his Report and Recommendation. (Docket #22.)  The Magistrate Judge found the ALJ's RFC determination to be supported by substantial evidence.

Citing *Hardaway v. Secretary of Health & Human Services*, 823 F.2d 922, 927 (6th Cir. Mich. 1987), the Magistrate Judge noted that the Commissioner "is not bound by a treating physician's opinion where substantial evidence exists to the contrary."  Report and Recommendation at p. 8.  While the ALJ in this case did not explicitly refer to his "good reasons"[1] for discounting or rejecting the opinion of Dr. Perry, Ms. Hardie's treating physician, the Magistrate Judge found that the ALJ sufficiently explained his findings that Dr. Perry's opinions were not supported by the evidence of record, and thoroughly explained his review of all of the evidence.  *Id.* at pp. 5-8.  The ALJ did discuss that while Dr. Perry indicated Ms. Hardie had a brain aneurysm, the MRIs, CT Scans, and testimony from Dr. Goren, a medical expert board certified in neurology, failed to substantiate that Ms. Hardie had a brain aneurysm.

---

[1] Under the Regulations, the ALJ must provide "good reasons" for discounting or rejecting a treating physician's opinion.  SSR 96-2p.

*Id.*

The Magistrate Judge discussed that the goal of the "good reasons" requirement is "to ensure adequacy of review and to permit the claimant to understand the disposition of his case." See *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. Mich. 2004). Report and Recommendation at p. 7. "An ALJ may accomplish the goals of this procedural requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Coldiron v. Comm'r of Soc. Sec.*, 2010 U.S. App. LEXIS 16849, 2010 Fed. App. 500N, at *11-12 (6th Cir. Ohio 2010) ( citing *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 470-72 (6th Cir. 2006); *Hall v. Comm'r of Soc. Sec.*, 148 Fed. App'x 456, 464-65 (6th Cir. 2005)).

> In concluding, the Magistrate Judge stated as follows:
>
> The Court should find that substantial evidence supports the ALJ's RFC determination. Once he gave less than controlling weight to the opinion of Plaintiff's treating physician, the ALJ properly reviewed the other opinions of record, including those of Dr. Goren, Dr. Sahgal, an agency examining physician, and Drs. Vasiloff and Cole, agency reviewing physicians. The ALJ weighed the various opinions and determined a RFC that was supported by a combination of the opinions of Drs. Vasiloff, Goren and Sahgal, the objective medical evidence, and the evidence of record. [Citation omitted.] And even if Plaintiff had a brain aneurysm, contrary to numerous tests after the February 1998 MRI and contrary to Dr. Goren's opinion, the agency physicians considered the aneurysm and nevertheless found that Plaintiff was still capable of work. The only real difference among the agency physicians' opinions was the exertional level with regard to heavy, medium or light work. [Citation omitted.] Faced with these conflicting RFCs, the ALJ could evaluate and choose the level he believed was supported by both the medical and non-medical evidence. The ultimate responsibility for determining a claimant's RFC rests with the ALJ and an ALJ "does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron*, 2010 WL 3199693, at *3.

Report and Recommendation at p 7.

**Ms. Hardie's Objection to the Report and Recommendation.**

On November 11, 2010, Ms. Hardie filed her Objection to the Magistrate's Report and Recommendation. (Docket #23.) Ms. Hardie asks that the Court decline to adopt the Report and Recommendation, and reverse or remand the decision of the Commissioner. Ms. Hardie argues that the decision in *Carter v. Comm'r of Soc. Sec.*, 36 Fed. App'x 190, 191 (6th Cir. Ohio 2002), cited by the Magistrate Judge, too narrowly construes Sixth Circuit precedent established by *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. Mich. 1997). Specifically, Ms. Hardie refers to language in the Report and Recommendation that under *Carter*, "a treating doctor's disability determination must be fully supported by direct reference to detailed, clinical, diagnostic evidence in the medical reports." Ms. Hardie argues that under *Walters*, there is no requirement that "direct reference" to "detailed" evidence be made, but that there need only be additional support in the record consistent with the evidence. Ms. Hardie asserts that this distinction is significant because although Dr. Perry's opinion cited only a history of brain aneurysm as support for his proposed functional limitations, Dr. Perry's opinion of Ms. Hardie's functional limitations is supported by the balance of his treatment notes, clinical findings and observations of Ms. Hardie.

In addition to the foregoing, Ms. Hardie cites *Wilson,* arguing that the ALJ's failure to explain the weight he assigned to Dr. Perry's opinion was not harmless error, stating "such error is not harmless when the reviewing court is hampered by the lack of explanation and the rejected evidence could very well establish disability."

Finally, Ms. Hardie objects to the Magistrate Judge deferring to the opinion of Dr. Goren, the medical expert at the ALJ hearing, asserting that "Dr. Goren offered his opinion prior in time

to the submission of additional medical evidence of record."  Therefore, Ms. Hardie argues that Dr. Goren's opinion did not merit substantial, if any, weight when compared with the opinion of Dr. Perry.

### The Commissioner's Response.

On November 24, 2010, the Commissioner filed a Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.  (Docket #24.)  The Commissioner states that Dr. Perry opined that Ms. Hardie required a number of functional limitations due to the history of brain aneurysm, while the medical evidence of record indicates that Ms. Hardie did not, in fact, suffer a brain aneurysm.  Therefore, the sole justification for the functional limitations assessed in Dr. Perry's opinion was not supported by the medical evidence of record.  Thus, the Commissioner argues, regardless of how narrowly the Sixth Circuit precedent is construed, Dr. Perry's opinion was not entitled to any significant weight because it was not supported by sufficient medical evidence and/or clinical findings.

In addition the foregoing, the Commissioner notes the ALJ included a substantial discussion as to why Dr. Perry's opinion was not entitled to controlling weight, "including citing to various MRIs and CT scans in concluding that medical evidence was lacking to substantiate that Plaintiff had a brain aneurysm and to reject Dr. Perry's opinion which relied solely on the history of that diagnosis without any supporting evidence."

Finally, the Commissioner reasserts that the ALJ's reliance on Dr. Goren's opinion was appropriate.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the Objections to the Report and Recommendation filed by Ms. Hardie and the Commissioner's Response thereto. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Magistrate Judge Limbert thoroughly and exhaustively reviewed this case, and properly found the ALJ's decision denying benefits to be supported by substantial evidence. Even with a more expansive analysis of Dr. Perry's opinion, under both *Carter* and *Waters*, the Magistrate

Judge's conclusion is correct. The ALJ was not bound by Dr. Perry's opinion, given the substantial evidence that existed to the contrary, and the ALJ sufficiently explained the basis for his determination, including a discussion of Dr. Perry's opinion and the evidence contradicting Dr. Perry's statement that Ms. Hardie had a brain aneurysm. Further, as noted by the Magistrate Judge, the agency physicians considered the aneurysm and found Plaintiff to be capable of work, differing only in their opinions as to exertional level.

The ALJ's determination was supported by substantial evidence and the ALJ sufficiently explained and supported the basis for his determination. Accordingly, the Report and Recommendation of Magistrate Judge Limbert (Document # 22) is hereby ADOPTED. The Commissioner's final determination denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income is hereby AFFIRMED.

IT IS SO ORDERED.

  s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 8, 2010